**Case No. 24-13634**

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**Phyllis Michele Howell, et al.,**

   Plaintiffs/Appellants,

v.

**Argent Trust Co., et al.,**

   Defendants/Appellees.

On Appeal from the United States District Court
for the Northern District of Georgia
Case No. 1:22-CV-03959-SDG

**JOINT MOTION FOR CONTINUED STAY AND LIMITED REMAND TO PERMIT DISTRICT COURT TO CONSIDER AND RULE ON SETTLEMENT-RELATED MOTIONS**

Gregory F. Jacob
Deanna M. Rice
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
gjacob@omm.com
derice@omm.com

*Attorneys for Defendant-Appellant Argent Trust Company*

Gregory Y. Porter
BAILEY & GLASSER LLP 1055
Thomas Jefferson St., NW
Suite 540
Washington, DC 20007
Tel: (202) 463-2101
Fax: (202) 463-2103
gporter@baileyglasser.com

*Attorney for Plaintiffs-Appellees*

Lars C. Golumbic
Sarah M. Adams
GROOM LAW GROUP, CHTD.
1701 Pennsylvania Ave., NW
Suite 1200
Washington, DC 20006
Tel: (202) 861-5437
Fax: (202) 659-4503
lgolumbic@groom.com
sadams@groom.com

*Attorneys for Defendants North Highland ESOP Holdings, Inc., the North Highland Company, Inc., the North Highland Company LLC, the North Highland Holding Co., LLC, Dan Reardon, Alex Bombeck, Beth Schiavo, and Lauren Childers*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure and Rules 26.1-1 and 26.1-2 of the Rules of the United States Court of Appeals for the Eleventh Circuit, the undersigned counsel give notice of the following trial judges, attorneys, persons, associations, firms, partnerships, or corporations that have an interest in the outcome of this appeals:

- Adams, Sarah, Counsel for North Highland Appellants[1]

- Argent Trust Company, Appellant

- Argent Financial Group, Inc., 100% owner of Appellant Argent Trust Company

- Babiak, Laura E., Counsel for Appellees

- Bailey & Glasser LLP, Counsel for Appellees

- Bedard, Edward, Counsel for Appellant Argent Trust Company

- Bombeck, Alex, Appellant

- Boyko, Mark George, Counsel for Appellees

- Childers, Lauren, Appellant

- DiCarlo, Patrick Connors, Counsel for North Highland Appellants

---

[1] For purposes of readability, this disclosure refers to Appellants North Highland ESOP Holdings, Inc.; The North Highland Company, Inc.; The North Highland Company, LLC; The North Highland Holding Co., LLC; Dan Reardon; Alex Bombeck; Beth Schiavo; and Lauren Childers as the "North Highland Appellants."

- Evangelista, James M., Counsel for Appellees

- Gage, Rachel, Counsel for Appellant Argent Trust Company

- Gates, Shaun, Counsel for North Highland Appellants

- Golumbic, Lars, Counsel for North Highland Appellants

- Grimberg, Honorable Judge Steven D., United States District Court Judge

- Groom Law Group, Chartered, Counsel for North Highland Appellants

- Howell, Phyllis Michele, Appellee

- Jacob, Gregory F., Counsel for Appellant Argent Trust Company

- Jenny, Ryan T., Counsel for Appellees

- North Highland ESOP Holdings, Inc., Appellant

- O'Melveny & Myers LLP, Counsel for Appellant Argent Trust Company

- Origin Bancorp, Inc., a publicly-traded company, owns more than 10% of common stock of Argent Financial Group, Inc.

- Porter, Gregory, Counsel for Appellees

- Reisert, Simon, Appellee

- Reardon, Dan, Appellant

- Rice, Deanna M., Counsel for Appellant Argent Trust Company

- Schiavo, Beth, Appellant

- Speight, Carole, Appellee

- The North Highland Company, Inc., Appellant

- The North Highland Company, LLC, Appellant

- The North Highland Holding Co., LLC, Appellant

- TNHC Consulting LLC, Parent Company of The North Highland Company, LLC

# JOINT MOTION FOR STAY AND LIMITED REMAND TO PERMIT DISTRICT COURT TO CONSIDER AND RULE ON SETTLEMENT-RELATED MOTIONS

North Highland ESOP Holdings, Inc., the North Highland Company, Inc., the North Highland Company LLC, the North Highland Holding Co., LLC, Dan Reardon, Alex Bombeck, Beth Schiavo, Lauren Childers, and Argent Trust Company (the "Defendants-Appellants"), and Phyllis Michelle Howell, Simon Reisert, and Carole Speight (the "Plaintiffs-Appellees"), by and through their undersigned counsel, respectfully move the Court for (1) a further stay of the above-captioned proceeding because the parties have reached an agreement to settle the case and (2) a limited remand of the above-captioned proceeding to allow the district court to consider and rule on motions related to the parties' class action settlement. In support of their joint request, the parties state as follows:

1. In 2022, Plaintiffs-Appellees filed against Defendants-Appellants the putative class action underlying this appeal, alleging breaches of fiduciary duties and prohibited transactions under the Employee Retirement Income Security Act of 1974 ("ERISA").

2. In 2024, the district court denied Defendants-Appellants' motion to compel arbitration of the claims asserted in Plaintiffs-Appellees' Amended Complaint, but granted Defendants-Appellants' motion to dismiss certain of those claims.

1

3. In November 2024, Defendants-Appellants timely appealed to this Court the denial of their motion to compel arbitration.

4. In December 2024, the parties filed a joint motion to hold the appeal in abeyance pending this Court's ruling and issuance of the mandate in *Williams v. Shapiro*, No. 24-11192 (11th Cir. appeal filed Apr. 15, 2024), which presents related issues regarding arbitration of ERISA claims.

5. While the appeal was stayed, the parties engaged in mediation and ultimately agreed to settle their dispute.

6. On remand, the parties intend to file a copy of their executed settlement agreement and seek approval of the settlement on a class-wide basis. Because the parties have reached a class-wide settlement, they must submit the settlement agreement to the district court for certification of the class and approval of the settlement. *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class . . . may be settled, voluntarily dismissed, or compromised only with the court's approval.").

7. The parties therefore respectfully request that the Court issue an order (1) staying this appeal and (2) remanding the case to the district court for the limited purpose of allowing the district court to preside over the parties' settlement-related motions.

8. If a class is certified and the settlement is judicially approved after notice to the class and a final fairness hearing (and affirmed on appeal if any appeal is taken), the settlement will moot the appeal currently pending before this Court, and the parties will stipulate to dismissal with each party bearing their own costs (if any).[2]

9. Granting the requested relief will promote judicial economy given that the parties' agreement to settle may render the instant appeal moot. No party will be prejudiced by this joint request, and this request is consistent with the procedures applied by this Court and other courts of appeals in similar situations. *See, e.g.*, *Given v. M&T Bank Corp.*, No. 13-14011 (11th Cir. May 15, 2014) (Dkt. No. 24-1) (granting stay of appellate proceedings and limited remand for consideration of settlement); *Sanchez v. Lasership, Inc.*, No. 13-1478 (4th Cir. Dec. 4, 2013) (Dkt. No. 73) (granting limited remand for district court to review and approve proposed class action settlement); *In re: Wachovia Equity Secs. Litig.*, No. 11-1755 (2d Cir. Dec. 6, 2011) (Dkt. No. 65) (granting limited remand for district court to rule on class action settlement).

10. Accordingly, the parties jointly move for a further stay of the instant appeal and a limited remand of the case to the district court to allow the district court

---

[2] If the district court does not certify the class or grant final approval of the class action settlement, the parties reserve their rights to resume proceedings in this appeal.

3

to preside over the parties' settlement-related motions.

11. This request is not made for the purpose of delay, or for any improper purpose.

For the foregoing reasons, the parties respectfully request that the Court continue to stay this appeal and grant a limited remand to the district court to allow the parties to seek class certification and court approval of the class-wide settlement reached among the parties.

Dated: August 18, 2025

Respectfully submitted,

/s/ Deanna M. Rice
Gregory F. Jacob
Deanna M. Rice
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
gjacob@omm.com
derice@omm.com

*Attorneys for Defendant-Appellant Argent Trust Company*

By: /s/ Lars C. Golumbic
Lars C. Golumbic
Sarah M. Adams
Groom Law Group, Chartered
1701 Pennsylvania Ave., NW, Suite 1200
Washington, DC 20006
Tel: (202) 861-5437
Fax: (202) 659-4503

4

lgolumbic@groom.com
sadams@groom.com

*Attorneys for Defendants-Appellants North Highland ESOP Holdings, Inc., the North Highland Company, Inc., the North Highland Company LLC, the North Highland Holding Co., LLC, Dan Reardon, Alex Bombeck, Beth Schiavo, And Lauren Childers*

By: */s/ Gregory Y. Porter*
Gregory Y. Porter
BAILEY & GLASSER LLP
1055 Thomas Jefferson St., NW
Suite 540
Washington, DC 20007
Tel: (202) 463-2101
Fax: (202) 463-2103
gporter@baileyglasser.com

*Attorney for Plaintiffs-Appellees*

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the length requirements of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,050 words. I further certify that this motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Office 365 in 14-point Times New Roman font.

Dated: August 18, 2025                          */s/ Lars C. Golumbic*
                                                Lars C. Golumbic

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day, August 18, 2025, served the foregoing document by electronically filing the same with the Clerk of Court via the CM/ECF System, which will send notification of such filing to all counsel of record at their email addresses on file with the Court.

*/s/ Lars C. Golumbic*
Lars C. Golumbic